**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No: _____

JAMES S. GRADY, d/b/a GROUP FIVE PHOTOSPORTS,

    Plaintiff,

V.

EVAN BRODERSEN, a/k/a EFAN BRUDER, and JOHN DOES 1-5

    Defendants.

---

**COMPLAINT FOR (1) COPYRIGHT INFRINGMENT**
**AND (2) TRADEMARK INFRINGMENT**

---

Plaintiff James S. Grady (hereinafter "Grady" or "Plaintiff") files this complaint against, Evan Brodersen (AKA "Efan Bruder"), his website RegentImages.com and the John Doe(s) who have created, manage and continue to administer it (hereinafter "Defendant") and alleges as follows:

## I. NATURE OF THE CASE

1.    This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C §§ 101 et seq. (the "Copyright Act") and The Lanham Act 15 U. S. C. §§ 1125 et seq. (the "Trademark Act").

2.    Plaintiff is the registered owner of the copyrights of a collective group of photographs from the Colorado based web publication TrueTeenBabes.com (hereinafter the "Works") that the Defendant has specifically targeted for copyright and trademark infringement, either directly or indirectly, through the use of the websites RegentImages.com and Facebook.com.

3.      Plaintiff seeks redress for the Defendant's infringement of his exclusive copyrights in the Works and for injunctive relief to stop the Defendant from continuing to infringe upon Plaintiff's copyrighted Works generally, and specifically to use same to solicit females under age 18 to his photography sessions.

4.      Each time the Defendant unlawfully distributes a copy of Plaintiff's copyrighted Works to others over the Internet he does so claiming he is the producer, photographer and rightsholder in an effort solicit, encourage and deceive females, most of which are under age 18, into posing for him as a bikini model, lingerie model or glamour model. This illegal activity by the Defendant violates Plaintiff's Copyrights and Trademarks, as well as places the Plaintiff's entire business reputation and goodwill at risk.

5.      The Defendant's infringement by unlawful worldwide distribution of the Plaintiff's Works has been, and continues to be, conducted in a willful and malicious manner, entitling the Plaintiff to the enhanced statutory damages he seeks as well as an award of his attorneys' fees and costs.

6.      Plaintiff is the registered owner of the exclusive trademark TrueTeenBabes™ which the Defendant has wrongfully infringed, diluted and exploited on a large scale to draw visitors to his website and Facebook.com page.

7.      Plaintiff seeks redress for the Defendant's dilution and infringement of his exclusive rights in the trademark TrueTeenBabes™ and for injunctive relief to stop the Defendant from continuing to infringe upon Plaintiff's trademark.

## II. JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. Seq., 28 U.S.C § 1331 and 28 U.S.C § 1338(a).

9.  This Court has personal jurisdiction over the Defendant who has purposefully availed himself to this jurisdiction as he has committed unlawful and tortuous acts both within and outside the jurisdiction. Defendant has specifically aimed his tortuous acts towards this jurisdiction with full knowledge that his acts would cause injury in this jurisdiction and that the negative consequences thereof would be felt within this jurisdiction. Defendant has infringed and continues to infringe Works clearly marked as belonging to the Plaintiff, thus Defendant's acts are expressly aimed against the Plaintiff, who is a resident of Colorado, and his business which is located within Colorado.

10. Plaintiff's claims arise out of the Defendant's unlawful and tortuous conduct, targeted specifically at the Plaintiff and the Plaintiff's business in Colorado, which gives rise to personal jurisdiction over Defendants. Additionally, to have original access to the Works being violated Defendant would have been a subscriber to Plaintiff's website. As a subscriber to the Plaintiff's website TrueTeenBabes.com the Defendant is party to a "Terms & Conditions" agreement contracting Colorado as the appropriate jurisdiction. See Plaintiff's Exhibit 018.

11. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District or were targeted at this District, and all of the property that is the subject of this action is situated within this District.

### III. THE PARTIES
#### A. The Plaintiff

12. Plaintiff James S. Grady is a resident of Colorado doing business as Group Five Photosports and TrueTeenBabes™, inter alia, with his principal place of business in Littleton, Colorado. Plaintiff produces, markets and distributes premium quality entertainment products, including wholly original Internet content, Internet websites, photographs, videos, DVDs and Blu-Ray discs.

13.     Plaintiff has registered with the United States Copyright Office his copyrighted Works identified in the paragraphs below. Plaintiff has taken industry standard steps to identify his products, including placing a copyright symbol and his registered Trademark on each individual photograph, and by placing recorded copyright warnings at the beginning and end of each individual video product that appear whenever those videos are played.

14.     Plaintiff's TrueTeenBabes™ trademark has been continuously used in commerce since at least July 2001. U.S. Trademark Registration #3,733,941. See Plaintiff's Exhibit 001.

15.     Plaintiff has expended considerable effort and expense in promoting his trademark, and the goods sold under the trademark, TrueTeenBabes™. As a result, the purchasing public has come to know, rely upon and recognize the mark TrueTeenBabes™ as an international brand of high quality products and entertainment.

16.     Plaintiff owns the exclusive worldwide rights to his extensive archive of high-quality photographic and video Works and does not allow the Works to be used, reproduced, sold or distributed in any form by third parties.

17.     Plaintiff has dedicated significant resources to create, distribute and protect his Works. In addition, Plaintiff dedicates resources to be in compliance with applicable laws in order to protect the integrity of his Works.

18.     The viability and profitability of Plaintiff, and his Colorado based business, depend upon monies and revenue earned from Plaintiff's intellectual property, including copyrights in Plaintiff's Works and the entertainment products marketed under his TrueTeenBabes™ Trademark.

## B. The Defendant(s)

19.     Defendant Evan Brodersen is an individual that poses as a professional photographer and uses the websites RegentImages.com, ModelMayhem.com, Facebook.com, ModelBrigade.com, ModelInsider.com, EfanBruder.com, among others, to display photographs to prospective models, specifically teen females ages 17 and below, and solicit those females to pose for "Teen Glamour Modeling" and "Calendars". Each of the fifty eight (58) images displayed on his RegentImages.com is a copyright protected and registered Work owned by the Plaintiff that Defendant claims as his own while soliciting teen females.

20.     Defendant website RegentImages.com was registered on February 13, 2010 with the domain registrar Fast Domain, Inc. of Salt Lake City, Utah. Said registration was done using a Fast Domain service known as "Domain Privacy Protection" to hide the ownership and registration information. This kind of service registers domain names for third parties who wish to keep their identity a secret. These services have legitimate uses, but are often (as in the instant case) used by persons involved in unlawful activity, and who seek to evade detection and liability for their actions.

21.     Defendant "Efan Bruder", upon information and belief, is a fictitious name and persona used by Defendant Brodersen that maintains the website RegentImages.com and one or more Facebook.com pages, which either directly or indirectly profit from and/or directly or indirectly infringe or facilitate the infringement of the Plaintiff's intellectual property, is sued herein under the fictitious name.

22.     Defendant John Does 1 through 5, inclusive, are the businesses or individuals that registered, created, manages and maintains the website RegentImages.com, which either directly or indirectly profit from and/or directly or indirectly infringe or facilitate the infringement of the Plaintiff intellectual property, are sued herein under fictitious names because the true names and capacities are unknown to Plaintiff.

23.     When Plaintiff ascertains the Doe Defendants' true names and capacities he will seek leave to amend this complaint to insert such true names and capacities. Plaintiff is informed and believes, and on that basis avers, that each Doe Defendant acted with, and in concert with, the other Defendants and is responsible for the harm and damages to Plaintiff herein averred. Each of the named Defendants and the Doe Defendants are referred to hereinafter collectively as "Defendants."

24.     Defendants, individually, and with the support and coordination of others, acted willfully, knowingly and maliciously to further the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's intellectual property for illegal gain, profit and reward.

## IV. STATEMENT OF FACTS

25.     The Internet, in conjunction with recent advances in technology, hardware and software, has resulted in the availability of an effective means for circumventing intellectual property rights in nearly every industry, including online entertainment. The pervasive and intense online infringement is nearly crippling the entertainment industries by providing unfettered, unregulated, free access to copyrighted Works originally produced by reputable businesses and persons, including the Plaintiff.

26.     The Internet has also allowed for a certain amount of anonymity. Unfortunately, a number of Internet users have chosen to use that anonymity for questionable, criminal and predatory activities.

27.     These actions have caused and continue to cause significant damage to the business and reputation of the true rightsholders, as well as to their viability and profitability, including Plaintiff.

28.     The Plaintiff is the registered owner of each and every individual Work illegally distributed by the Defendant on RegentImages.com and one or more of the images posted by the Defendant to the RegentImages page on Facebook.com. The United States Copyright Office registrations being violated in this action include, but are not limited to, VA 1-692-438, VA 1-700-275, VA 1-703-466, VA 1-791-715, VA 1-791-720, VA 1-796-318, VA 1-796-319, VA 1-801-027, VA 1-801-827, VA 1-804-951, VA 1-808-187, VA 1-808-718, VA 1-808-821, VA 1-809-914, VA 1-816-970, VA 1-817-036, et al. See Plaintiff's Exhibits 002 through 017.

29.     Defendant is a prolific copyright violator and distributor of the Plaintiff's Works. Plaintiff is informed and believes on that basis alleges numerous other registered copyrights are also being violated and expects to amend his Complaint to list additional infringements and Certificates of Registration as investigation and discovery continue.

30.     The website TrueTeenBabes is a Colorado based online subscription publication created, owned and managed by the Plaintiff. The name TrueTeenBabes™ is a Trademark registered to the Plaintiff and all content of the publication is protected by registered or pending copyrights. The publication is non-nude, non-pornographic in nature, much like the popular Sports Illustrated Swimsuit Issue. The publication offers a tour area and a DVD store, along with a subscriber area that can only be accessed by payment of a subscription fee.

31.     Plaintiff is the only photographer associated with the TrueTeenBabes publication. Teen models from across the United States contact Plaintiff daily looking to be featured in his premium quality production sessions, publication and products. Plaintiff never contracts outside photographers for the TrueTeenBabes publication nor does he contemplate any circumstance under which he would do so.

32.     Plaintiff has never licensed his TrueTeenBabes Works for use or publication by a third party, in particular by a third party that intends to use them in the solicitation of females under

the age of 18 under the guise of professional photography sessions, nor does he contemplate any circumstance under which he would do so.

33.     The website known as RegentImages.com was created by Defendant to solicit teen females with the offer of modeling jobs. Each photograph placed on the website and carefully integrated into the overall design by Defendant was originally created by Plaintiff and is registered at the United States Copyright Office.

34.     Defendant knowingly and maliciously created the RegentImages website using 58 or more of the Plaintiff's Works. No other images appear on RegentImages.com

35.     RegentImages is a venue of very low quality, dominated by lies and falsehoods designed to deceive aspiring female models, and is not the type of venue the Plaintiff would knowingly display his copyright protected materials.

36.     Facebook.com is a social network website that freely allows private parties and businesses to create a webpage and update it often with text, photos and videos. Defendant created a page there as RegentImages, using one or more of the Plaintiff's Works, and began using the website to solicit teen females with the offer of fake modeling jobs. Plaintiff has never authorized any persons to undertake such activities with his Works, nor does he contemplate any circumstance under which he would do so.

37.     Each of the Works wrongfully violated by Defendant originally contained the copyright symbol and Plaintiff's registered Trademark. Defendant knowingly and maliciously removed said symbol and Trademark to create a false designation of origin indicating he was the creator.

38.     Each post of copyright protected materials to RegentImages or Facebook by Defendant is a direct copyright infringement. Each time one of those illegally posted files is downloaded it becomes an additional direct infringement to which the Defendant has materially contributed.

39. Defendant had the opportunity and ability to control the infringing acts of the other individuals, and the websites, by simply deleting the files they had previously uploaded, but failing to do so makes him vicariously liable for further copyright infringement.

40. To date, without authorization, the Defendant has directly reproduced and distributed no less than 59 copies of the Plaintiff's copyright registered Works on the RegentImages and Facebook websites. The gross number of times these materials have been downloaded by others, and thus the direct, contributory and vicarious infringement totals can only be determined during discovery.

41. The Defendant did not seek permission from the Plaintiff to use his copyright protected Works for any purpose.

42. The commercial value of the Plaintiff's copyrights has been greatly diminished by the Defendant's actions.

43. Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright holder. By its definition each view or download of the Plaintiff's Works, as caused by Defendant, constitutes a separate and distinct instance of infringement. In this case the Plaintiff's Works have been viewed, without authorization or compensation, tens of thousands of times and illegally made available for download by the Defendant without permission. With the enormous amount of Internet users viewing the Defendant's illegal postings the number of uncompensated views and duplications (downloads) grows daily thereby furthering the number of copyright infringements attributed directly to Defendant and contributing to the further dilution of the Plaintiff's Trademark.

44. Each of the 59 registered Works illegally used by Defendant on the RegentImages and Facebook websites by the Defendant was marked with the Plaintiff's Trademark TrueTeenBabes™.

45. The defendant did not seek permission from the Plaintiff to use his Trademark for any purpose or to remove his Trademark from his protected Works.

46. Under no circumstances has the Plaintiff authorized the use of his Trademark for unlawful solicitation of females for alleged modeling jobs or careers, nor does the Plaintiff contemplate any circumstance under which he would do so.

47. The commercial value of the Plaintiff's Trademark has been greatly diminished by the Defendant's actions.

48. The Defendant's actions have caused irreparable injury to the Plaintiff's reputation and goodwill, as well as that of his TrueTeenBabes™ Trademark.

## V. FIRST CAUSE OF ACTION & CLAIM FOR RELEIF
### (Copyright Infringement 17 U.S.C. § 501)

49. The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

50. Plaintiff is the registered copyright owner of the Works infringed upon by the Defendant.

51. Among the exclusive rights granted to the Plaintiff under the Copyright Act are the exclusive rights to reproduce the Works and to distribute them. These are rights, which Defendant willfully, maliciously and intentionally infringed upon.

52.     Plaintiff is informed and believes, and on that basis alleges, that Defendant without the permission or consent of Plaintiff, has used, and continues to use the internet and various websites to distribute the Works to the public, and/or make the Works available for distribution to others, including other website users. In doing so, Defendant has directly violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act.

53.     Plaintiff is informed and believes and on that basis alleges that the foregoing acts of infringement were willful and malicious.

54.     As a result of Defendant's willful infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), an enhancement to those damages, and to attorney fees pursuant to 17 U.S.C. § 505.

55.     The conduct of Defendant is causing and will continue to cause Plaintiff great and irreparable injury. Such harm will continue unless the Defendant is enjoined from such conduct by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's Copyrights, and ordering Defendant to destroy all copies of the Works made in violation of Plaintiff's exclusive rights under the Copyright Act.

### VI. SECOND CAUSE OF ACTION & CLAIM FOR RELEIF
**(Contributory Copyright Infringement)**

56.     The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

57.     Without authorization, individuals have copied, reproduced, and distributed the Works, created derivative Works, and publicly displayed the Works by and through RegentImages and Facebook, among others, thereby directly infringing Plaintiff's copyrights.

58.     The Defendant materially contributed to the infringing acts of those individuals and allowed, encouraged and induced those individuals to reproduce, distribute, and publicly display Plaintiff's Works by and through RegentImages and Facebook, among others, without regard to the ownership of the Works.

59.     The Defendant designed and created his posts at RegentImages and Facebook with the object and intent of promoting the infringement of the Plaintiff's Copyright protected Works. As a direct and proximate result of such inducement, individuals have infringed Plaintiff's Copyrighted Works by reproducing, distributing, and publicly displaying such Works.

60.     The Defendant knew of the infringement, was conscious of his own infringement, and was conscious of the fact that multiple other persons derivatively, and illegally, downloaded the Plaintiff's Works.

61.     The infringement by other website users could not have occurred but for the Defendant's participation in uploading the Plaintiff's protected Works. As such, the Defendant's participation in the infringing activities of others is substantial.

62.     Defendant's acts of inducement to infringe were willful, malicious and in disregard of and indifference to Plaintiff's rights.

63.     The intentional acts and malicious conduct of the Defendant, as alleged in this Complaint, constitute contributory copyright infringement.

## VIII. THIRD CAUSE OF ACTION & CLAIM FOR RELEIF
### (Trademark Infringement – False Designation of Origin)

64.     The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

65.     Plaintiff holds the exclusive rights to the registered Trademark TrueTeenBabes™, has never licensed it to outside parties, nor does he contemplate any circumstance under which he would do so.

66.     Defendant's repetitive use of, or removal from Plaintiff's Works of, the mark TrueTeenBabes™ in connection with displaying Plaintiff's Works constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of the Works displayed by the Defendant on RegentImages and Facebook. Defendant's usage tends to deceive and confuse consumers into believing Defendant's illegal services and postings are affiliated with the Plaintiff's Works, are sponsored or approved of by Plaintiff, or are otherwise associated with or authorized by Plaintiff.

67.     By engaging in the activities described above the Defendant has made, and is making, false, deceptive and misleading statements constituting unfair competition, false designation of origin, and false advertising in connection with services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     Defendant engaged in this course of action willfully, maliciously and with full knowledge and awareness of the superior Trademark rights of the Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendant's services are associated with, affiliated with or licensed by Plaintiff.

69. The Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to the Plaintiff and his Trademark and to the services and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

70. Plaintiff is entitled to recover all damages sustained as a result of the Defendant's unlawful conduct, treble that amount, costs of this action, and reasonable attorneys' fees.

71. Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of unfair competition, false designation of origin, and false advertising.

## IX. FOURTH CAUSE OF ACTION & CLAIM FOR RELEIF
### (Trademark Infringement – Dilution)

72. The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

73. Plaintiff holds the exclusive rights to the registered Trademark TrueTeenBabes™ which has become and at all times relevant has been "famous" within the meaning of 15 U. S. C. § 1125(c).

74. The websites to which the Defendant has wrongfully posted Plaintiff's high-quality Works are of poor quality or of an offensive or illegal nature. The act of soliciting young females into fake modeling jobs if not only dangerous but offensive and illegal. The acts of Defendant averred herein have lessened the capacity of the Plaintiff's Trademark to identify and distinguish Plaintiff's services and products from those of the Defendant and the websites he promotes and affiliates with, have tarnished the valuable image and reputation associated with the Trademark, and have created an undesirable, unwholesome, or unsavory mental association with Plaintiff and the TrueTeenBabes™ Trademark, damaging Plaintiff's goodwill and disparaging Plaintiff's

rights in the TrueTeenBabes™ Trademark. The Defendant's acts and conduct are in violation of 15 U. S. C. § 1125(c). Defendant has willfully intended to trade on Plaintiff's reputation and/or cause dilution of the TrueTeenBabes™ Trademark.

75.     Plaintiff is entitled to recover all damages sustained as a result of the Defendant's unlawful conduct, treble that amount, costs of this action, and reasonable attorneys' fees.

76.     Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of Trademark infringement and dilution.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(1)     That the Court enter a judgement declaring that the Defendant has:

a. Willfully infringed Plaintiff's rights in Federally registered copyrights under 17 U.S.C. § 501 in no less than sixty (59) instances through his direct acts of infringement;

b. Willfully infringed Plaintiff's rights in Federally registered copyrights under 17 U.S.C. § 501 in no less than sixty six (59) instances through his contributory and vicarious acts of infringement;

c. Willfully violated Plaintiff's registered Trademark through his false designation of origin and Trademark dilution acts;

d. Otherwise injured the personal and business reputation of Plaintiff, and Plaintiff's trademark, by his acts and conduct as set forth in this Complaint;

(2)     That the Court issues an injunction providing that:

The Defendant shall hereby be enjoined from directly or indirectly infringing upon the copyrights in these Works, or any other Works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Works, to distribute (i.e., upload) any of Plaintiff's Works, or to make any of Plaintiff's Works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express consent.

The Defendant shall destroy all copies of Plaintiff's Works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded Works transferred onto any physical medium or device in Defendant's possession, custody, or control.

The Defendant shall hereby be enjoined from directly or indirectly infringing upon the Trademarks, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation, except pursuant to a lawful license or with the Plaintiff's express consent.

(3)     Statutory damages for each infringement of Plaintiff's copyrighted Works pursuant to 17 U.S.C. § 504 in an amount to be proven at trial, but not less than $10,000 for each of the 59 direct infringements and each of the 59 contributory and vicarious infringments ($1,180,000). Or, if the Court finds the Defendant's acts were willful in nature, justifying an award of up to $150,000 per infringement, not less than $30,000 for each of the 59 direct infringements and each of the 59 contributory and vicarious infringements ($3,540,000).

(4)     That the Defendant be ordered to pay $1,000,000 in damages for his willful Trademark infringement and dilution.

(5)     That the Defendant be ordered to pay punitive damages for his willful Trademark infringement in an amount that the Court deems just and proper.

(6)     That Defendant pay to the Plaintiff his reasonable attorney's fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

(7)     That the Defendant pay the Plaintiff the costs of this action; and,

(8)     For such other and further relief, either at law or in equity, general or special, to which Plaintiff may be entitled.

DATED: March 21, 2013

Contiguglia / Fazzone P.C.

/s/ Andrew Contiguglia

_____

Andrew Contiguglia
CO Registration No. 26901
44 Cook St., Suite 100
Denver, CO 80206
303-780-7333 / 303-780-7337 (fax)
ajc@ajcpc.com

Attorney for Plaintiff

James S. Grady, d/b/a Group Five Photosports