IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00752-REB-BNB

JAMES S. GRADY, d/b/a Group Five Photosports,

Plaintiff,

v.

EVAN BRODERSEN, a/k/a EFAN BRUDER, and
JOHN DOES 1-5,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue** [Doc. #17, filed 05/06/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff filed a "Complaint for (1) Copyright Infringment [sic] and (2) Trademark Infringment [sic]" on March 21, 2013 [Doc. #1] (the "Complaint"). The plaintiff claims that he is the registered owner of the copyrights of a collective group of photographs from the Colorado based web publication TrueTeenBabes.com, which the defendant has specifically targeted for copyright and trademark infringement, either directly or indirectly, through the use of RegentImages.com and Facebook.com. *Complaint*, ¶ 2.

The defendant seeks dismissal of the Complaint pursuant to Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction.[1] When a defendant seeks dismissal under Rule 12(b)(2) for

---

[1]The defendant also seeks dismissal of the Complaint for improper venue. "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is

lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). The plaintiff need only make a prima facie showing of facts, however, by affidavit or other evidence, which if true would support the exercise of personal jurisdiction. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998).

In a federal question case, as here, the analysis for determining personal jurisdiction has been summarized as follows:

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.

Peay v. Bellsouth Medical Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations omitted).

In this case, the plaintiff asserts claims against the defendant pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Trademark Act, 15 U.S.C. §§ 1125 *et seq.* Neither the Copyright Act nor the Trademark Act provide for nationwide service of process. Dudkikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008); Impact Prods., Inc. v. Impact Prods., LLC, 341 F.Supp.2d 1186, 1189 (D.Colo. 2004).

When federal legislation does not provide for nationwide service of process, the plaintiff must demonstrate that the defendant is amenable to service of process under the laws of the forum state. Under Colorado law, personal jurisdiction exists only if the requirements of both

---

typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979).

the state long-arm statute, section 13-1-124, C.R.S., and due process of law have been satisfied. Doe v. National Medical Servs., 748 F. Supp. 793, 795 (D. Colo. 1990); D & D Fuller CATV Constr., Inc. v. Pace, 780 P.2d 520, 523 (Colo. 1989). The Colorado long-arm statute confers jurisdiction to the fullest extent consistent with due process of law, however. Waterval v. District Court, 620 P.2d 5, 8 (Colo. 1980), cert. denied, 452 U.S. 960 (1981). Consequently, because the long-arm statute imposes no greater limitations than federal due process, I proceed directly to the constitutional analysis. See OMI Holdings, 149 F.3d at 1090, citing Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op., 17 F.3d 1302, 1305 (10th Cir. 1994).

In federal question cases, the personal jurisdiction requirements flow from the due process clause of the Fifth Amendment, Peay, 205 F.3d at 1211, which are the same as those in a Fourteenth Amendment analysis. Id. The focus is on protecting an individual's liberty interest in not being subject to "the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quotations and citation omitted). Due process requires that a defendant have "fair notice that [his] activities will render [him] liable to suit in a particular forum." Peay, 205 F.3d at 1211.

To satisfy due process, minimum contacts must exist between the defendant and the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction. Where general jurisdiction is asserted over a non-resident defendant who has not consented to suit in the forum, minimum contacts exist if the plaintiff demonstrates the defendant's "continuous and systematic general business contacts" in the state. OMI Holdings, 149 F.3d at 1091. General jurisdiction does not require that the claim be related to the forum-

related contacts. Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011). Specific jurisdiction is present where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. Soma Medical Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1298 (10th Cir. 1999). If it is established that a defendant's actions created sufficient minimum contacts, the court still must consider whether the exercise of personal jurisdiction over the defendant would offend traditional notions of "fair play and substantial justice." Burger King, 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). This inquiry requires a determination of whether the exercise of personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case. Id.

With regard to personal jurisdiction in the context of the internet, the Tenth Circuit has stated:

> A number of circuits have addressed personal jurisdiction in the internet context, considering whether, when, and how such peculiarly non-territorial activities as web site hosting, internet posting, and mass emailing can constitute or give rise to contacts that properly support jurisdiction over the host, poster, or sender. The basic problem with relating such activities directly to the general principles developed pre-internet is that, in a sense, the internet operates "in" every state regardless of where the user is physically located, potentially rendering the territorial limits of personal jurisdiction meaningless. As the Fourth Circuit explained in an early effort to address the matter:
>
> "Applying the traditional due process principles governing a State's jurisdiction over persons outside of the State based on Internet activity requires some adaptation of those principles because the Internet is omnipresent--when a person places information on the Internet, he can communicate with persons in virtually every jurisdiction. If we were to conclude as a general principle that a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which

>
> the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist.  The person placing information on the Internet would be subject to personal jurisdiction in every State."
>
> ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir.2002).
>
> To avoid this untenable result, it is necessary to adapt the analysis of personal jurisdiction to this unique circumstance by placing emphasis on the internet user or site intentionally directing his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there.  A good example is ALS Scan's test for specific jurisdiction arising out of internet activity:
>
> > "[A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.  Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received.  Such passive Internet activity does not generally include directing electronic activity into the State with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State."
>
> Id. at 714.  Actually, as ALS Scan acknowledges, this emphasis on intentionally directing internet content or operations at the forum state has its grounding in the "express aiming" requirement the Supreme Court developed in Calder to deal with the somewhat analogous question of specific jurisdiction based on content in nationally distributed print media.  See id.

Shrader, 633 at 1235, 1240-41.

"This approach and its counterparts in other circuits have some immediate implications that are relevant here. The maintenance of a web site does not in and of itself subject the owner

or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." Id. at 1241. "Consistent with the thrust of the Calder-derived analysis for specific jurisdiction in the internet context discussed above, in considering what "more" could create personal jurisdiction for such activities, courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." Id. (continuing to define general jurisdiction re: internet)

Here, the defendant states under oath that he is a Nebraska resident; does not, and has never, maintained offices, mailing addresses, bank accounts, telephone listings, agents, employees, or personnel within the State of Colorado; does not own, lease, or rent land in Colorado; has never marketed a business in Colorado; has not purposefully directed any advertisement or marketing activities within Colorado; does not have any business contracts with any person or company doing business in Colorado; does not operate, and has not operated, a website where a resident of Colorado has purchased goods or services; and does not solicit any business of any kind in Colorado. He further states that he traveled to Colorado for a family vacation approximately 10 years or more ago, but has not been in Colorado since that time. *Affidavit of Evan Brodersen* [Doc. #19-1].

The plaintiff states under oath that he is the registered owner of the copyrights for photographs displayed within the TrueTeenBabes.com subscriber area; the defendant's website, RegentImages.com, displayed 58 photographs that came from the secure subscriber area of the plaintiff's website, TrueTeenBabes.com; the secure subscriber area of TrueTeenBabes.com can be accessed only after payment of a fee; in order to pay the fee, a subscriber must take the

affirmative action of checking a box to contractually agree to various terms and conditions including a condition "that infringement of this agreement and/or the copyrights of James S. Grady will result in legal action in the United States District Court for the District of Colorado. . . . That the laws of the United States and the State of Colorado shall govern this agreement and that should you violate these copyrights or trademarks venue for any legal action or civil suit shall be the State of Colorado." *Affidavit of James S. Grady* [Doc. #26-1].

"The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[2] Kennedy v. Freeman, 919 F.2d 126, 128 (10th Cir. 1990) (citation omitted).

Forum selection clauses are "prima facie valid." Milk 'N' More, Inc. v. Beavart, 963 F.2d 1342, 1346 (10th Cir. 1992). A party may consent to personal jurisdiction and venue by agreeing to a forum selection clause contained in a contract. Burger King v. Rudzewicz, 471 U.S. 462, 473 n.14 (1985). Therefore, the plaintiff has met his burden of making a prima facie showing of facts by affidavit which, if true, would support the exercise of personal jurisdiction. As a result, I find that this court has personal jurisdiction over the defendant.

---

[2]The defendant argues that the plaintiff's affidavit is not supported by adequate evidence. The affidavit is evidence and does not require further support.

I RESPECTFULLY RECOMMEND that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Doc. #17] be DENIED.[3]

Dated January 10, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).