## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00752-REB-BNB

**JAMES S. GRADY**, d/b/a GROUP FIVE PHOTOSPORTS,

      Plaintiff,

v.

**EVAN BRODERSEN,** a/k/a/ EFAN BRUDER, and JOHN DOES 1-5,

      Defendant.

---

## CIVIL SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE
## PARTIES

Date of Scheduling/Planning Conference: February 20, 2014.

Counsel in attendance:

| | |
|---|---|
| Mollie B. Hawes | Brian E. Jorde |
| | Christian T. Williams |
| Miller & Steiert, P.C. | Domina Law Group PC llo |
| 1901 W. Littleton Blvd. | 2425 S. 144th Stree |
| Littleton, CO 80120 | Omaha, NE 68144 |
| 303-798-2525 | (402)493-4100 |
| *Counsel for Plaintiff James S. Grady* | *Counsel for Defendant Evan Brodersen* |

## 2. STATEMENT OF
## JURISDICTION

Plaintiff asserts that the Court possess federal question jurisdiction pursuant to 28

USC §1331 as a result of the assertion of claims arising under the United States Copyright

Act of 1976, as amended, U.S.C §§ et seq. (the "Copyright Act") and The Lanham Act 15

U. S. C. §§ et seq. (the "Trademark Act").

1

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.        Plaintiff(s):

This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C §§ et seq. (the "Copyright Act") and The Lanham Act 15 U. S. C. §§ et seq. (the "Trademark Act").  Plaintiff is the registered owner of the copyrights of photographs and videos from the Colorado based web publication TrueTeenBabes (hereinafter the "Works") that Defendant has specifically targeted for infringement, either directly or indirectly, through the use of the RegentImages.com, ModelMayhem.com, Facebook.com, ModelBrigade.com, ModelInsider.com, and EfanBruder.com.

Plaintiff is the registered owner of the exclusive trademark TrueTeenBabes™ which Defendant has wrongfully infringed, diluted and exploited to draw visitors, models, customers and/or additional infringers to the websites RegentImages.com, ModelMayhem.com, Facebook.com, ModelBrigade.com, ModelInsider.com, and EfanBruder.com, among others. Plaintiff seeks redress for Defendant's infringement of his exclusive rights in the Works, infringement and dilution of his exclusive rights in the trademark TrueTeenBabes™, and for injunctive relief to stop Defendant from continuing to infringe upon Plaintiff's trademark and Works.

The website TrueTeenBabes is a Colorado based online subscription publication created, owned and managed by Plaintiff. The name TrueTeenBabes™ is a United States Trademark registered to Plaintiff, and all content of the publication is covered by registered or pending copyrights. The publication offers a tour area and a DVD store, along with a subscriber area that can only be accessed by becoming a paid subscriber.  To have access to the

Works being violated Defendant would have been a subscriber to Plaintiff's website, and all subscribers such as Defendant, must first become a party to a terms and conditions agreement submitting to jurisdiction and venue in the District of Colorado.  Once that payment is made and the terms and conditions agreement is agreed to, the purchaser receives a unique username and password by email, then is able to access several thousand premium quality, copyright protected, photos, videos and stories produced by the Plaintiff.

Defendant Evan Brodersen is an individual that poses as a professional photographer and uses the websites RegentImages.com, ModelMayhem.com, Facebook.com, ModelBrigade.com, ModelInsider.com, EfanBruder.com, among others, to display photographs to prospective models, specifically teen females ages 17 and below, and solicit those females to pose for "Teen Glamour Modeling" and "Calendars."  Each of the fifty eight images displayed on his RegentImages.com is a copyright protected and registered Work owned by the Plaintiff that Defendant claims as his own while soliciting teen females to model for Defendant.  It does not appear that Defendant is a photographer since all of the photographs on Defendant's RegentImages.com website were created by Plaintiff.  Plaintiff does not know Defendant's purpose in posing as a photographer and soliciting teenaged models to pose for Defendant.

Defendant's website RegentImages.com was registered on February 13, 2010 with the domain registrar Fast Domain, Inc. of Salt Lake City, Utah. Said registration was done using a Fast Domain service known as "Domain Privacy Protection" to hide the ownership and registration information.  "Efan Bruder", upon information and belief, is a fictitious name and persona used by Defendant Brodersen that maintains the website RegentImages.com and one or more Facebook.com pages, which either directly or indirectly profits from and/or directly or

indirectly infringes or facilitates the infringement of the Plaintiff's intellectual property, is sued herein under the fictitious name. Defendant, individually, and with the support and coordination of others, acted willfully, knowingly and maliciously to further the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's intellectual property for illegal gain, profit and reward.

The website known as RegentImages.com was created by Defendant to solicit teen females with the offer of modeling jobs. Each photograph placed on the website and carefully integrated into the overall design by Defendant was originally created by Plaintiff and is registered at the United States Copyright Office. Defendant knowingly and maliciously created the RegentImages website using 58 or more of the Plaintiff's Works. No other images appear on RegentImages.com. RegentImages is a venue of very low quality, dominated by lies and falsehoods designed to deceive aspiring female models and is not the type of venue the Plaintiff would knowingly display his copyright protected materials. Defendant has also created a Facebook page for RegentImages using one or more of the Plaintiff's Works on the RegentImages Facebook page.

Plaintiff is informed and believes, and on that basis alleges, that Defendant without the permission or consent of Plaintiff, has used, and continues to use the internet and various websites to distribute the Works to the public, and/or make the Works available for distribution to others, including other website users. In doing so, Defendant has directly violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act. The Defendant designed and created his posts at RegentImages and Facebook with the object and intent of promoting the infringement of the Plaintiff's Copyright protected Works. As a direct and

proximate result of such inducement, individuals have infringed Plaintiff's Copyrighted Works by reproducing, distributing, and publicly displaying such Works. Defendant's actions were willful and malicious in nature, entitling Plaintiff to enhanced damages. Plaintiff seeks statutory damages, an award of his attorneys' fees and costs of suit, as well as injunctive relief.

> b.    Defendant(s):

Defendant has not filed an answer at this time and has not raised affirmative defenses. Defendant reserves the right to add additional affirmative defenses. Defendant believes the extend of affirmative defenses will be the following:

1. **First Defense: Improper Venue**

Defendant has asserted improper venue by a separate motion filed on 2/11/2014. Defendant alleges that all material information, events and witnesses are located in Nebraska. The only connection to Colorado is the Plaintiff's residence.

2. **Second Defense: Failure to State a Claim**
   Elements and Factual Application:

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs must plead sufficient factual allegations to raise a right to relief above the speculative level and create a reasonable expectation that discovery would reveal evidence necessary to state a claim. Among other things, the Plaintiffs have failed to plead facts sufficient to demonstrate that Defendant negligently contributed to additional copyright infringement by third parties as alleged by their second claim, that Plaintiff's copyrights have been greatly diminished by the Defendant's alleged actions, or that Defendant's alleged actions are willful or malicious in nature.  Further, Plaintiff has no plead sufficient facts that state Defendant's alleged actions

have caused confusion and mistake and has deceived consumers as to the source or origin of works, or that Plaintiff has suffered any damages from acts alleged.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

Defendant has not yet answered Plaintiff's Complaint, and as such, there currently are no known undisputed facts.

### 5.  COMPUTATION OF DAMAGES

Plaintiff seeks statutory damages for each infringement of Plaintiff's copyrighted works of no less than $10,000 for each of the direct infringements, and each of the 59 contributory and vicarious infringements ($1,180,000), or in the event that the Court finds Defendant's actions are willful in nature, then an award of not less than $30,000 for each of the 59 direct infringements and each of the 59 contributory and vicarious infringements ($3,540,000). Plaintiff further seeks damages in an amount to be proven at trial for his willful trademark infringement and dilution claims, which will be supplemented upon evaluation based upon Defendant's Answer, Defendant's disclosures, and/or receipt of anticipated expert opinions regarding a computer forensics analysis and damages. Additionally, Plaintiff seeks his reasonable attorneys' fees in pursuing this action pursuant to 17 U.S.C. §505 and 15 USC §1117(a) and his costs.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.      Date of Rule 26(f) meeting.

February 12, 2014

b.      Names of each participant and party he/she represented.

Mollie B. Hawes                                  Brian E. Jorde
                                                 Christian T. Williams
Miller & Steiert, P.C.                           Domina Law Group PC llo
1901 W. Littleton Blvd.                          2425 S. 144th Stree
Littleton, CO 80120                              Omaha, NE 68144
303-798-2525                                     (402)493-4100
*Counsel for Plaintiff James S. Grady*           *Counsel for Defendant Evan Brodersen*

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

On or before February 26th, 2014.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R.

Civ. P. 26(a)(1).

No changes proposed by either party.

e.      Statement concerning any agreements to conduct informal discovery:

The parties have no agreements at this time regarding informal discovery.

f.      Statement concerning any other agreements or procedures to reduce discovery and

other litigation costs, including the use of a unified exhibit numbering system.

The parties will use a unified exhibit numbering system consistent with local practice

standards and agree to exchange paper documents in electronic format for initial disclosures rather

than exchange paper documents, where native format is not requested.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve

extensive electronically stored information, or that a substantial amount of disclosure

or discovery will involve information or records maintained in electronic form.

The claims in this case involve copyright and trademark infringement which occurred on the

internet.  It is currently unknown whether discovery will need to be conducted on native data of the

electronically stored information as no answer has been filed and it is not yet known which allegations

7

are in dispute.

*The parties discussed what steps they have taken or will take to:*

*(I)       preserve electronically stored information;*

Because it appears that there could be a fact dispute regarding whether Defendant posted Plaintiff's copyrighted works on the internet, Counsel for Plaintiff had requested that Defendant preserve all electronically stored information including metadata ("ESI") and inquired of Defendant's counsel what steps Defendant had taken to preserve potential evidence. Counsel for Defendant advised that he will ascertain what types of devices Defendant has and what steps Defendant has taken to preserve ESI. Counsel for Defendant requested that counsel for Plaintiff inquire as to whether Plaintiff had available his electronically stored information and how he was preserving it. Counsel for Plaintiff has conferred with Plaintiff and Plaintiff believes all relevant electronically stored information is accessible without need for computer forensic discovery of relevant information in his possession.

*(II)       facilitate discovery of electronically stored information;*

It is unknown if Defendant will dispute allegations in Plaintiff's complaint that will require forensic examination of his electronic devices to prove the conduct if in dispute. If Defendant disputes such allegations, computer forensic searches may be necessary to recover lost information and a computer forensic examination of Defendant's devices containing ESI may be necessary to establish the evidence that Defendant was the person who posted Plaintiff's copyrighted works on his websites as if they were Defendant's photographs.

(III)       *limit the associated discovery costs and delay;*

Counsel for both parties are desirous of limiting the associated discovery costs and delay, however, Plaintiff cannot agree to limit ESI at this time when no answer has been filed and the allegations which would require ESI may be disputed by Defendant.

(IV)       *avoid discovery disputes relating to electronic discovery; and*

The parties discussed speaking to their clients to assure preservation of ESI. Additionally, in the

8

event computer forensic discovery is necessary, counsel will confer and cooperate in an effort to

establish protocols to seek relevant information while limiting the inadvertent disclosure of irrelevant or

privileged material.

(V)     *address claims of privilege or of protection as trial- preparation materials after*

*production of computer-generated records.*

As set forth above, in the event that computer forensic discovery is necessary, counsel will

confer and cooperate in an effort to establish protocols to seek relevant information while limiting the

inadvertent disclosure of privileged or trial preparation materials.

h.     *Statement summarizing the parties' discussions regarding the possibilities for*

*promptly settling or resolving the case.*

Counsel discussed efforts to promptly resolve the case.  At present, the parties appear to be too

dramatically far apart for good faith mediation or settlement conference.

## 7.  CONSENT

All parties     ☐  [have]     ☒  [have not] consented to the exercise of jurisdiction of a

magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.     Modifications which any party proposes to the presumptive numbers of

depositions or interrogatories contained in the Federal Rules.

The parties do not propose any modification to the presumptive numbers of

interrogatories contained in the Federal Rules of Civil Procedure – 10 depositions per side

including experts and 30 interrogatories per side.

b.     Limitations which any party proposes on the length of depositions.

The parties propose that the length of all depositions shall be limited to a maximum of one day of 7 hours unless the parties stipulate otherwise or unless leave of court is obtained.

      c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties propose a limit of 30 requests for production of documents per side and 30 requests for admission per side.

      d.      Other Planning or Discovery Orders

Plaintiff may request an Order for the preservation of electronic discovery, pending the information received from counsel for Defendant.  Counsel for Defendant has indicated that Defendant may file a motion for stay in light of Defendant's Motion to Transfer Venue, which Plaintiff opposes in part due to Defendant's prior motion to dismiss based upon personal jurisdiction and venue.  The deadlines set forth in this scheduling order will no longer be feasible if a stay is posed pending a ruling on the Motion to Transfer Venue.  The parties have no other planning or discovery order requests at this time.

## 9.  CASE PLAN AND SCHEDULE

*Counsel note that since Defendant may file an opposed motion to stay this case, if a stay is granted, the deadlines proposed would no longer be feasible.*

      a.      Deadline for Joinder of Parties and Amendment of Pleadings: June 16, 2014

      b.      Discovery Cut-off: December 15, 2014

      c.      Dispositive Motion Deadline: January 15, 2015

      d.      Expert Witness Disclosure

            1.      The parties shall identify anticipated fields of expert testimony, if any.

Computer forensics, damages, and/or intellectual property/brand evaluation.

2.      Limitations which the parties propose on the use or number of

expert witnesses.

Expert witnesses will not exceed three per side, including rebuttal experts.

3.      The parties shall designate all experts and provide opposing

counsel and any pro se parties with all information specified in Fed. R.

Civ. P. 26(a)(2) on or before October 13, 2014. *[This includes disclosure*

*of information applicable to "Witnesses Who Must Provide A Written*

*Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses*

*Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

4.      The parties shall designate all rebuttal experts and provide

opposing counsel and any pro se party with all information specified in

Fed. R. Civ. P. 26(a)(2) on or before thirty days after service of the

expert disclosure being rebutted. [This includes disclosure of

information applicable to "Witnesses Who Must Provide A Written

Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses

Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

*[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the*

*requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and*

*approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's*

*written report also must identify the principles and methods on which the expert relied in support of*

*his/her opinions and describe how the expert applied those principles and methods reliably to the facts*

*of the case relevant to the opinions set forth in the written report.]*

e.      Identification of Persons to Be Deposed:

The parties presently anticipate taking the following non-expert depositions:

Even Brodersen – one day is anticipated to be the necessary length.

James Grady – two hours is anticipated to be the necessary length.

Members of Defendant's household or others who Defendant claims have access to Defendant's computer or other electronics devices (if any) – Plaintiff anticipates that each person will take half of one day or less to depose.  In the event Defendant represents that no one else had access to his computers or electronic devices that made the infringing posts, these deposition(s) may be unnecessary.

Custodian of Records of Fast Domain, Inc. – thirty minutes is the anticipated length.

f.      Deadline for Interrogatories:

Interrogatories must be served no later than 30 days before the discovery cut-off deadlines.  Responses and any objections are due as required by the Federal Rules of Civil Procedure.

g.      Deadline for Requests for Production of Documents and/or Admissions

Requests for Production of Documents and/or Admissions must be served no later than 30 days before the discovery cut-off deadlines.  Responses and any objections are due as required by the Federal Rules of Civil Procedure.

## 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and

times: _____ .

b.      A final pretrial conference will be held in this case on————at

___o'clock m.  A Final Pretrial Order shall be prepared by the parties and

submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

Plaintiff remains opposed to Defendant's anticipated motion to stay due to the pending motion to transfer venue as a stay is inequitable since Defendant has already deferred progress in this case during the pendency of Defendant's Motion to Dismiss relating to personal jurisdiction and venue and further, because nothing could be scheduled at this time under this Order should the case be stayed.  The parties were generally able to agree upon discovery and scheduling issues.

b.      Anticipated length of trial and whether trial is to the court or jury.

The parties currently anticipate a six day trial to a jury.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.      None.

## 12. NOTICE TO COUNSEL AND PRO SE

## PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or

Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a

copy of a notice of change of his or her address or telephone number with the clerk of the magistrate

judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of

any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address

or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING

### ORDER

The scheduling order may be altered or amended only upon a showing of good

cause.


DATED at Denver, Colorado, this 13th day of February, 2014.

BY THE COURT:


_____
United States Magistrate Judge

APPROVED:


/s/ Mollie B. Hawes
Mollie B. Hawes

Miller & Steiert, P.C.
1901 W. Littleton Blvd.
Littleton, CO 80120
303-798-2525
*Counsel for Plaintiff James S. Grady*

/s/ Brian E. Jorde
Brian E. Jorde
Christian T. Williams
Domina Law Group PC llo
2425 S. 144th Stree
Omaha, NE 68144
(402)493-4100
*Counsel for Defendant Evan Brodersen*