**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00752-REB-BNB

JAMES S. GRADY, d/b/a Group Five Photosports,

    Plaintiff,

v.

EVAN BRODERSEN, a/k/a EFAN BRUDER, and
JOHN DOES 1-5,

    Defendants.

## ORDER DENYING MOTION TO TRANSFER VENUE

**Blackburn, J.**

This matter is before me on the **Defendant's Motion To Transfer Venue Pursuant To 28 U.S.C. § 1404(a)** [#36][1] filed February 22, 2014. The plaintiff filed a response [#45]. I deny the motion.

### I. JURISDICTION

This court has jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and § 1338(a) (patent, copyright, trademark).

### II. STANDARD OF REVIEW

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because the current venue is proper, the

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

burden of demonstrating increased convenience and the furtherance of justice through venue transfer rests squarely on the moving party. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir. 1991) ("The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.") (citation omitted). While convenience is determined by "the individualized, case-by-case consideration of convenience and fairness," ***Van Dusen v. Barrack***, 376 U.S. 612, 622 (1964), district courts weigh several factors in determining whether transfer is appropriate. Those factors include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

***Chrysler*** at 1516 (quoting ***Texas Gulf Sulphur Co. v. Ritter***, 371 F.2d 145, 147 (10th Cir.1967)). No single factor is determinative, and there is considerable discretion regarding the weight afforded to each factor. ***Id.***

### III. FACTS

The plaintiff, James Grady, asserts claims against the defendants for copyright Infringement and trademark infringement. Mr. Grady alleges that he is the registered owner of the copyrights covering a collective group of photographs from the Colorado based web publication TrueTeenBabes.com. Mr. Grady alleges that the defendant, Evan Brodersen, a resident of Nebraska, has specifically targeted the protected works and trademarks of Mr. Grady for copyright and trademark infringement, either directly or

indirectly, through the use of RegentImages.com and Facebook.com. Mr. Brodersen, a resident of Nebraska, seeks a transfer of this case to the District of Nebraska.

## IV. ANALYSIS

**§1404(a) Factors**

**1. Plaintiff's Choice of Forum:**

The plaintiff's choice of forum weighs against transfer. The Tenth Circuit gives great deference to the plaintiff's choice of forum, and "'[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'" ***Scheidt v. Klein***, 956 F.2d 963, 965 (10th Cir. 1992) (quoting ***William A. Smith Contracting Co. v. Travelers Indem. Co.***, 467 F.2d 662, 664 (10th Cir.1972)); see also ***Deer Creek Dev., LLC v. Kim***, No. 06-CV-00083-LTB-MJW, 2006 WL 1154213, *2 (D. Colo. May 1, 2006) ("[plaintiff's] choice of venue carries considerable weight"); ***Employers Mut. Cas. Co. v. Bartile Roofs, Inc.***, 618 F.3d 1153, 1167 (10th Cir. 2010) ("The plaintiff's choice of forum weighs against transfer."). While the plaintiff's choice of forum is not the deciding factor, it is significant in the court's analysis. In his motion, the defendant does not address this factor directly.

**2. Accessibility of Witnesses and other Proof:**

The convenience of witnesses is the most important factor to consider in deciding a motion under § 1404(a). ***Employers Mut.***, 618 F.3d at 1169. The convenience of non-party witnesses weighs more heavily than the convenience of parties and their employees. ***See, e.g., Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.***, 512 F. Supp. 2d 1039, 1043 (S.D. Tex. 2007). The movant bears the burden of establishing inconvenience by identifying: 1. the witness and their location; 2. the

materiality of their testimony; and 3. the unwillingness of the witness to come to trial and that a deposition is unsatisfactory. **Employers Mut.,** 618 F.3d at 1169.

Mr. Brodersen contends generally that Nebraska would be more convenient for "the individuals likely to be called as witnesses during a trail," but he cites no particular witnesses or other details. *Motion* [#36], CM/ECF p. 5. He claims also that all possible physical evidence including documents relevant to the allegations of the plaintiff is in Nebraska. Again, Mr. Brodersen provides no specifics. Mr. Brodersen has not met his burden of showing that inconvenience to witnesses and access to other proof weighs in favor of transfer.

### 3. Cost of Making Necessary Proof:

The cost of making necessary proof is a neutral factor. On the current record, it appears that the proof in this case likely will be testimonial and documentary. Litigation in either venue requires travel and document production. On the current record, there is no indication that either venue significantly reduces the overall cost of litigation when compared to the alternative venue. Thus, the cost of making the necessary proof does not favor either venue.

### 4. Advantages of a Local Court:

The advantage of a local court is a neutral factor. The claims concern federal copyright and trademark law. The same substantive law is applicable in both Colorado and Nebraska. There is no advantage to having a local court decide issues of local law. **See** *Scheidt*, 956 F.2d at 966 (court found the relative simplicity of the legal issues involved in contract claims did not support venue transfer).

### 5. Remaining Factors:

The other factors considered in a §1404 analysis are not at issue or are neutral in this case.

## V.  CONCLUSION & ORDER

All relevant factors are neutral or weigh against transfer. Therefore, the choice of venue of the plaintiff shall not be disturbed.

**THEREFORE IT IS ORDERED** that the **Defendant's Motion To Transfer Venue Pursuant To 28 U.S.C. § 1404(a)** [#36] filed February 22, 2014, is **DENIED**.

Dated September 11, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge