IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00752-REB-BNB

JAMES S. GRADY, d/b/a Group Five Photosports,

Plaintiff,

v.

EVAN BRODERSEN, a/k/a EFAN BRUDER, and
JOHN DOES 1-5,

Defendants.
_____

**ORDER**
_____

Pending is Plaintiff's Motion to Compel Production of Computer [Doc. # 48, filed 8/18/2014] (the "Motion to Compel"). By a minute order entered on August 19, 2014, I set the Motion to Compel for Hearing to occur on September 16, 2014, at 9:00 a.m.

Defendant Brodersen responded to the Motion to Compel on September 9, 2014. Response [Doc. # 54]. The Response included a request that defense counsel be allowed to attend the September 16 hearing by telephone,[1] which I denied on September 11, 2014. Minute Order [Doc. # 56]. Subsequently, my chambers received a telephone call from defense counsel stating that it would not attend the hearing, my minute order [Doc. # 56] notwithstanding.

The Motion to Compel [Doc. # 48] and Response [Doc. # 54] pass in the night. The Motion to Compel complains that the defendant has failed to produce computer hard drives for analysis, despite the defendant's acknowledgment that data contained there may be relevant to

---

[1] The request for affirmative relief in a response brief is prohibited by D.C.COLO.LCivR 7.1(d).

the claims and defenses in the case. Motion to Compel [Doc. # 48] at ¶¶1-2, 4. The defendant's response is that "[d]efendant have offered up Defendants computer. There is nothing to compel as Plaintiff has repeatedly tried to make arrangements for Plaintiff to examine his computer. Defendant cannot produce what does not exist." Response [Doc. # 54] at ¶3. The Response fails to address the meat of the disagreement. That is contained in an email between counsel which states in part:

> As for your request for more information concerning our client's previous computers, our client has conveyed to us that his previous computer's hard drive failed in 2012. He attempted to make repairs, but was unsuccessful. He does not have possession of the hard drive or the computer in which it was housed. . . . Again, we are willing to make the client's current computer accessible for discovery purposes.

Email [Doc. # 54] at p. 6 of 10.

The dispute concerns the previous computer. The Motion to Compel is an important one and may implicate spoliation of evidence. See Motion to Compel [Doc. # 48] at ¶7. I have questions I want to pose to defense counsel. Its attendance at the hearing is crucial to my ability to ascertain the truth about matters underlying the Motion to Compel, which may have greater implications as the case develops. Consequently, defense counsel must be present in person at the hearing as ordered.

IT IS ORDERED that defense counsel shall attend the hearing on September 16, 2014, at 9:00 a.m., in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, as previously ordered. Failure to attend may constitute a contempt of court.

Dated September 15, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge