IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00752-REB-BNB

JAMES S. GRADY, d/b/a Group Five Photosports,

Plaintiff,

v.

EVAN BRODERSEN, a/k/a EFAN BRUDER, and
JOHN DOES 1-5,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

I respectfully RECOMMEND that the pretrial conference/final trial preparation conference and the trial of this action be VACATED and RESET to later dates to accommodate additional pretrial proceedings which could not reasonably have been foreseen at the time of the scheduling conference.

I held a hearing this morning on the Plaintiff's Motion to Compel and Request for Extension [Doc. # 48]. During the course of that hearing, it was conceded by defendant Evan Brodersen that a laptop computer containing evidence relevant to the claims and defenses in this action, which was in his possession, custody, and control at the time the action was commenced, subsequently failed and was discarded. See Defendant's 2nd Amended Rule 26(a) Disclosures [Doc. # 58]. In view of this admission, the plaintiff requires additional time to investigate the destruction of the computer evidence and to file motions for summary judgment and for sanctions for spoliation of evidence. The deadlines established in the Scheduling Order included a discovery cut-off of August 20, 2014, and a dispositive motion deadline of September 19,

2014.  I extended the discovery cut-off to October 31, 2014, for limited discovery related principally to the destruction of evidence issue, and I extended the deadline for motions for summary judgment and for the plaintiff to file a motion for sanctions based on spoliation of evidence to November 14, 2014.  Assuming compliance with the briefing schedule contained in the local rules, those motions will be fully briefed on December 19, 2014.  The pretrial conference/final trial preparation conference currently is set for December 19, 2014,  and the trial of this action is set to begin on January 5, 2015.  Consequently, under the existing schedule, there appears to be inadequate time before trial for the court to rule on the anticipated motions for summary judgment and sanctions for spoliation of evidence.

I respectfully RECOMMEND that the pretrial conference/final trial preparation conference and the trial of this action be VACATED and RESET to a later date to accommodate necessary additional pretrial proceedings.[1]

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 16, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge