# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00752-REB-NYW

JAMES S. GRADY, d/b/a Group Five Photosports,

      Plaintiff,

v.

EVAN BRODERSEN, a/k/a EFAN BRUDER, and
JOHN DOES 1-5,

      Defendants.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

      This civil action is before the court on Plaintiff James S. Grady's Motion for Sanctions as to Spoliation of Evidence ("Motion for Sanctions"). [#66, filed November 14, 2014]. Pursuant to the Order Referring Case dated March 22, 2013 [#6] and the memorandum dated November 17, 2014 [#67], the Motion for Sanctions was referred to this Magistrate Judge. This court has carefully considered the Motion and related briefing, the entire case file, the arguments offered by the parties during the March 6, 2015 Motion Hearing, as well as applicable case law. For the following reasons, the Motion for Sanctions is GRANTED IN PART and DENIED IN PART.

## BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff James S. Grady ("Plaintiff" or "Mr. Grady") asserts that Defendant Evan Brodersen ("Defendant" or "Mr. Brodersen") is liable for copyright infringement, contributory copyright infringement, and trademark infringement resulting from Defendant's publication of 59 images to his website RegentImages.com. [#1].

1

Defendant filed a Motion to Dismiss for lack of personal jurisdiction and for improper venue on May 6, 2013.  [#17, #18].  Plaintiff filed his Response on May 31, 2013 [#26], and Defendant filed his Reply on June 3, 2013.  [#27].  On January 10, 2014, Magistrate Judge Boland issued a Recommendation that the Motion to Dismiss be denied [#33], which District Judge Blackburn adopted on February 10, 2014.  [#35].

Judge Boland held a Scheduling Conference on February 20, 2014, at which he ordered that the Parties complete discovery by August 20, 2014 and file dispositive motions by September 19, 2014.  [#40, #41].  In the Scheduling Order, the Parties stated, in pertinent part, as follows:

> Because it appears that there could be a fact dispute regarding whether Defendant posted Plaintiff's copyrighted works on the internet, Counsel for Plaintiff had requested by Defendant preserve all electronically stored information including metadata ("ESI") and inquired of Defendant's counsel what steps Defendant had taken to preserve potential evidence.  Counsel for Defendant advised that he will ascertain what types of devices Defendant has and what steps Defendant has taken to preserve ESI.

Defendant filed his Answer on February 20, 2014.  [#43].

On August 18, 2014, Plaintiff filed a Motion to Compel Production of Computer and First Request for Extension of Fact Discovery and Dispositive Motion Deadlines.  [#48]. Defendant filed his Response on September 9, 2014.  [#54].  Judge Boland issued an Order on September 16, 2014 granting the Motion to Compel in part.  [#60]  The Order directed Defendant to produce his computer hard drive for inspection and copying, extended the date to complete discovery to and including October 31, 2014 for limited purposes, and extended the date to file dispositive motions to and including November 14, 2014 for the purpose of filing summary judgment motions and to allow Plaintiff to file a motion for sanctions for spoliation of evidence.

*Id.*  Judge Boland denied the Motion to Compel insofar as it sought an order compelling Defendant to produce the hard drive from his previous computer (the "old computer") because Defendant admitted to discarding that computer on or after July 2013.  *Id.*

Plaintiff filed the pending Motion for Sanctions on November 14, 2014.  [#66]. Defendant filed his Response on December 5, 2014 [#73], and Plaintiff filed his Reply on December 19, 2014.  [#76].  This action was reassigned to the undersigned Magistrate Judge for pretrial matters on February 9, 2015.  [#81].

## ANALYSIS

Plaintiff seeks sanctions in the form of default judgment on the basis that Defendant destroyed the old computer and electronic data stored therein, which he used during the time period at issue, after he had a duty to preserve all relevant evidence.  [#66].  Plaintiff also claims that Defendant and/or his counsel violated Federal Rule of Civil Procedure 26(g) by supplying inaccurate initial disclosures and responses to discovery requests.  *Id.*  Mr. Brodersen admits that he relinquished possession of the computer despite his obligation to preserve all relevant evidence, but argues that a less severe form of sanctions is more appropriate.  [#73].  Defendant denies any violation of Rule 26(g).

### A.     Defendant's Representations

To ensure that discovery as permitted under Fed. R. Civ. P. 26(b)(1) is not rendered futile, "litigants have a duty to preserve documents that may be relevant to pending or imminent litigation." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007).  Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because

it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009) (internal quotation and citation omitted). Federal Rule of Civil Procedure 26(g)(1)(A) requires that every disclosure be signed by the representing attorney, or the party if unrepresented, and be complete and correct as of the time it is made.

Counsel here discussed the need to preserve all electronically stored information ("ESI") prior to the February 20, 2014 Scheduling Conference. The Scheduling Order reflects Plaintiff counsel's inquiry of what efforts Mr. Brodersen had taken to preserve potential evidence, Defense counsel's pledge to ascertain the types of devices in Mr. Brodersen's possession and his plan for preservation, and the question as to the extent of Plaintiff's ESI and its availability. [#41 at 8-10]. Plaintiff claims that thereafter, Mr. Brodersen failed to communicate or respond to inquiries regarding his electronic devices and ESI for seven months. [#66 at ¶ 4].

On February 27, 2014, Defendant submitted his initial disclosures to Plaintiff, in which he acknowledged his computer equipment was relevant to this litigation, identified himself as custodian of the equipment, and represented that "a search through computer equipment for any discoverable material has [sic] and is ongoing. Defendant will supplement its response [sic] if necessary." [#73 at 1-2, #66-1 at 2].

On August 9, 2014, Defendant amended his initial disclosures "after discussion with lawyers regarding the whereabouts of the computer and request for additional information by Plaintiff," to state:

> [he had] searched USB/Flash drives owned and controlled by him during the relevant time[] … and found no data he may use to support claims or defenses. The computer owned and used by Defendant during the [relevant time] died prior

4

to notice or anticipation of any legal action and was discarded because it was broken.

[#66-2 at 2]. Plaintiff filed a Motion to Compel Production of Computer and to extend discovery deadlines on August 18, 2014. [#48].

On August 22, 2014, Defendant submitted a response to Plaintiff's Request for Production No. 1 stating, "[t]he computer and hard drive that failed were discarded prior to this litigation or anticipation of any litigation." [#66-3 at 8, #73 at ¶ 3]. Defendant also raised for the first time the defense that he was unaware the images he posted to RegentImages.com were the purported property of Plaintiff. ["Defendant's Responses to Plaintiff's Interrogatories," #66-3 at 5]. Defendant stated that he designed RegentImages.com at the request of Paul Anderson, whom he had met at the South Dakota State University Campus. *Id.* Defendant claimed he had no contact information for Mr. Anderson and that their relationship ended when Mr. Anderson "stopped showing up for meetings." *Id*. Defendant did not list Mr. Anderson as a witness in his initial disclosures and the defense Mr. Anderson supports was not included in the Scheduling Order or Defendant's Answer. [*See* #66-1, #41, #43].

On September 15, 2014, the day before the hearing on Plaintiff's Motion to Compel, Mr. Brodersen supplemented his initial disclosures a second time to state, "[t]he computer owned and used by Defendant during the [relevant time] malfunctioned in 2012 then ultimately died in July 2013 and was discarded because it was broken." [#66-4 at 2]. The court granted the Motion to

Compel as to the computer Defendant was currently using (the "new computer"), but was forced to deny the Motion as to the old computer.  [#60].[1]

Mr. Brodersen testified at his October 10, 2014 deposition that he holds a certificate in computer networking, has operated a website to sell prints of his photography, has designed between 20 and 30 websites, and was the sole proprietor of a limited liability company that offered general technical support and computer repairs.  ["Deposition of Evan Brodersen," #66-7 at 9:10-17, 11:7-18, 16:18-23].  He testified that he used the old computer from approximately 2010 to 2013, that it became inoperable, and that he was unable to transfer any data directly from his old computer to his new computer.  [#66-7 at 37:3-38:4].  He stated that his efforts to transfer data included placing the hard drive in his freezer to cool it and attempting to mount the hard drive through an external enclosure.  [#66-7 at 38:5-14].  Mr. Brodersen did not attempt to have the hard drive repaired, and he represented that all photographs, documents, and materials stored on the computer were lost.  [#66-7 at 38:19-39:6].  Finally, he testified that the pictures he uploaded onto RegentImages.com were provided to him on a flash drive provided by Mr. Anderson.  [#66-7 at 25:9-26:15].

Following the court's order compelling Defendant to produce the new computer, Plaintiff's forensic experts determined that Defendant began using that computer on or about November 22, 2013, which was approximately three months after Defendant discarded the old computer.  [#66 at ¶10, #66-5].  The forensic experts also discovered that the new computer had received a transfer of 10,091 images on January 19, 2014, nine days after the court recommended

[1] Defendant represents that he offered the new computer to Plaintiff on several occasions for inspection and copying and that Plaintiff opted instead to file a Motion to Compel production. [#73 at ¶ 4].

denying Defendant's Motion to Dismiss.  *Id.*  The experts noted that the approximately 10,000

images had a range of file modification dates reaching as far as February 2011.  [*Id.* at ¶ 11].

Plaintiff filed his Complaint on March 21, 2013.  [#1].  Mr. Brodersen unilaterally

discarded the old computer in July 2013.  [#66-4].  I find that Mr. Brodersen despoiled relevant

evidence that he had an obligation to preserve.  I further find that Mr. Brodersen violated Rule

26(g) by not specifying in his Rule 26(a)(1) disclosures dated February 27, 2014 which

computer equipment was in his custody and control.

**B.      Sanctions**

The intentional destruction of evidence is a discovery abuse within the purview of

F.R.C.P. 37(b).  *Computer Associates Int'l, Inc. v. Am. Fundware, Inc.*, 133 F.R.D. 166, 168 (D.

Colo. 1990).  Rule 37(b)(2)(A) authorizes a court to sanction a party for failure to comply with a

discovery order by, among other things, "prohibiting the disobedient party from supporting or

opposing designated claims or defenses, or from introducing designated matters in evidence," or

"rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(ii) and

(vi).  Rule 37(c)(1)(C) authorizes a court to impose either of those sanctions for a party's failure

to disclose or supplement as required by Rule 26(a) or (e).  "Determination of the correct

sanction for a discovery violation is a fact-specific inquiry, and in making such a determination

trial courts are accorded broad discretion."  *Gates Rubber Co. v. Bando Chemical Industries,*

*Ltd.*, 167 F.R.D. 90 (D. Colo. 1996) (citing *National Hockey League v. Metropolitan Hockey*

*Club, Inc.*, 427 U.S. 639, 642 (1976) (internal quotation marks and further citation omitted).

The Tenth Circuit explained in *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir.

1992) that in determining whether (and what) sanctions are appropriate, a court should consider:

"(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," [and] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." Before a court orders dispositive sanctions, it should also consider the efficacy of lesser sanctions. *Id. See also Gates Rubber Co.*, 167 F.R.D. at 102 (observing that the *Ehrenhaus* factors should be considered even in cases that do not involve dispositive sanctions). The bad faith destruction of material "relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997) ("Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case") (citation omitted).

Plaintiff claims that each of the *Ehrenhaus* factors supports imposing default sanctions. First, he argues, the loss of the ESI on the old computer is severely prejudicial to him. For example, the old computer stored the only source of evidence relating to the alteration of his Copyrighted works, how his Copyrighted works were uploaded to RegentImages.com, and Defendant's internet history with respect to his copyrighted works. [#66 at 8]. The destroyed ESI is the only known evidence to prove or disprove the existence of Mr. Anderson and his alleged role in supplying the photographs to Defendant. *Id.* Furthermore, Plaintiff asserts, he conducted his case under the assumption that Defendant had retained the hard drive as he affirmed on his initial 26(a)(1) disclosures. As to the second factor, Plaintiff claims Defendant interfered with the judicial process when he lied under oath with regard to his response to Plaintiff's Request for Production No. 1 and his response to Plaintiff's Interrogatory No. 5. [#66

at 12] (citing *Philips Electronics N. Am. Corp. v. BC Technical*, 773 F. Supp. 2d 1149, 1203 (D. Utah 2011)).   As to the third factor, Plaintiff highlights the undisputed fact that Defendant discarded the equipment after the commencement of litigation.   As to the fourth factor, Plaintiff argues that a court-issued warning of dismissal is not necessary where the violation is severe. [#66 at 14] (citing *Garcia v. Berkshire Life Ins. Co. Of Am.*, 569 F.3d 1174, 1180 (10th Cir. 2009)).   Finally, Plaintiff asserts that no sanction other than the entry of default judgment is adequate to address the spoliation of the old computer.

Magistrate Judge Schlatter suggested in *Gates Rubber Co.* that "in weighing and determining the appropriateness and severity of sanctions, judges should examine the materiality and value of the suppressed evidence upon the ability of a victim to fully and fairly prepare for trial."   This court finds sufficient evidence in the record before it to demonstrate that Defendant acted intentionally and with bad faith in discarding the old computer.   However, in heeding the direction of the Tenth Circuit to consider the efficacy of lesser sanctions, I find that an entry of default judgment is too severe.   The dual objective of protecting a litigant's right to obtain discoverable evidence and punishing the disobedient party to deter future violative conduct is met by imposing an adverse jury instruction regarding the despoiled evidence.   Accordingly,

IT IS ORDERED that the Motion for Sanctions is GRANTED IN PART and DENIED IN PART:

1. the Motion for Sanctions is GRANTED to the extent Defendant is found to have despoiled evidence by unilaterally discarding the old computer after litigation commenced;

2. the Motion for Sanctions is GRANTED to the extent the jury, should this case proceed to trial, will be given an adverse inference instruction based on Defendant's spoliation of the old computer;

3. Plaintiff is awarded his reasonable attorney fees and costs incurred in pursuing this Motion; the Parties shall confer to reach an agreement on the amount of those expenses and attorney fees, and file, on or before April 17, 2015, a fee application in a manner consistent with D.C.COLO.LCivR 54.3 specifying the amount of the expenses and attorney fees claimed if the Parties have not agreed to the amount of the award and/or it has not been paid in full; and

4. The Motion for Sanctions is DENIED as to all other matters.

DATED: March 23, 2015                    BY THE COURT:

                                         s/Nina Y. Wang_____
                                         United States Magistrate Judge