**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00752-REB-NYW

JAMES S. GRADY, d/b/a Group Five Photosports,

    Plaintiff,

v.

EVAN BRODERSEN, a/k/a EFAN BRUDER, and
JOHN DOES 1-5,

    Defendants.

## ORDER RE: MOTION TO STRIKE MOTION *IN LIMINE*

**Blackburn, J.**

    The matter is before me is **Plaintiff's Motion To Strike Defendant's Untimely Motion *In Limine*** [#109][1] filed April 28, 2015.  I deny **Defendant Evan Brodersen's Motion in Limine** [#90] filed April 20, 2015, and withdraw **Minute Order** [#108] .

    This case is set for a jury trial to begin at 8:30 a.m. on Monday, May 4, 2015.  On April 20, 2015, fourteen days before trial (nine business days before trial) the defendant filed **Defendant Evan Brodersen's Motion *In Limine*** [#90].  On April 28, 2015, I entered a **Minute Order** [#108] requiring the plaintiff to respond to certain portions of the motion *in limine*.  The plaintiff then filed his motion to strike.  The plaintiff contends that given the timing for a response and reply to a motion, as provided in D.C.COLO.LCivR 7.1(d), the plaintiff does not have adequate time to respond to the motion *in limine*.  The plaintiff notes also that the motion *in limine* [#90] does not include

---

[1] "[#109]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

a certificate of compliance with the duty to confer requirement of D.C.COLO.LCivR 7.1(a). In addition, I note REB Civ. Practice Standard IV.E.2., which provides:

> In the extremely limited circumstances in which a motion *in limine* is necessary to determine an issue of law, it shall be filed and determined in the time and manner prescribed by D.C.COLO.LCivR 7.1(d), and REB Civ. Practice Standard IV.B.1.

The failure of the defendant to include in his motion a certificate of compliance with D.C.COLO.LCivR 7.1(a) is, *per se*, a sufficient basis to deny the motion *in limine*. Additionally, by waiting inexplicably until April 20, 2015, to file his motion *in limine*, the defendant violated D.C.COLO.LCivR 7.1(d) and REB Civ. Practice Standard IV.E.2. Given these circumstances, I find and conclude that the defendant has forfeited his right to a pretrial determination of the issues raised in his motion *in limine* [#90]. To the extent the plaintiff may seek to present at trial evidence which was not properly disclosed in discovery, such issues will be addressed at trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion To Strike Defendant's Untimely Motion *In Limine*** [#109] filed April 28, 2015, is granted, but only insofar as it is consistent with the forgoing findings and conclusions and the following orders;

2. That under D.C.COLO.LCivR 7.1(a) & (d) and REB Civ. Practice Standard IV.E.2., **Defendant Evan Brodersen's Motion in Limine** [#90] filed April 20, 2015, is denied; and

3. That the **Amended Minute Order** [#108] entered April 28, 2015, requiring the plaintiff to respond to certain portions of the motion *in limine*, is withdrawn.

Dated April 29, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge